# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARMEN DENISE MOSLEY,<br><br>Defendant. | Case No. 2:13-CR-267-KJD-PAL<br><br>**ORDER** |

Before the Court is the Government's Motion in Limine to Exclude Irrelevant Evidence (#34). Defendant Carmen Mosley ("Defendant") has responded (#39) and the Government has replied (#40).

The Government argues that all evidence regarding 1) lender negligence, 2) belief that the lender would not be harmed, and 3) evidence of the state of the economy or the real estate market during and after the time period of the alleged fraud should be excluded. The Government asserts that such evidence is irrelevant under Federal Rule of Evidence 402, and confusing or misleading under Rule 403. Defendant asserts that she is unprepared to respond intelligently to the Government's motion as trial is set for March of 2014 and Defendant has not yet "determined defense strategy." (#39; 2:20).

The Court finds the Government's motion premature. In attempting to assuage the Court's unease with the present motion, the Government asserts that the Court could reconsider its decision if later facts so require. However, both judicial economy and common sense countermand this "rule now and revise later" approach. Rather, the prudent course is to wait until all the relevant facts are before the Court, and then make a fully informed ruling.

As the parties are well aware, inquiry under Rules 402 and 403 turns on the purpose for which the evidence is to be used. Any piece of evidence may be anathema under the Rules for one purpose, but perfectly appropriate for another purpose. Accordingly, the Government's sweeping requests for exclusion without reference to any purpose undermines its motion. However, the Court notes that Government's arguments have merit. As to bank fraud, there is no question that a belief that the lender will not be harmed is wholly impotent to negate intent. United States v. Molinaro, 11 F.3d 853, 863 (9th Cir. 1993). Further, the Court can see very few and decidedly narrow permissible purposes for mentioning the state of the economy or the real estate market during the period in question. However, as Defendant has not yet devised–let alone divulged–her defense strategy, the Government's motion is premature. It is to be hoped that Defendant will not even attempt to use evidence in violation of Rules 402 or 403, making this motion unnecessary. In any event, the Court cannot rule on the admissibility of evidence without the relevant context.

Accordingly, the Court **HEREBY DENIES** without prejudice the Government's Motion in Limine to Exclude Irrelevant Evidence (#34).

DATED this 10th day of December 2013.

_____
Kent J. Dawson
United States District Judge